UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESTORATION HOLDINGS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D.<br><br>          Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Restoration Holdings, LLC ("RH" or "Plaintiff"), by and through its undersigned counsel, files the instant Complaint against Defendants MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY (hereinafter "MMC"), STEVEN MOTARJEME, M.D. (hereinafter "MOTARJEME"), and ERIC CASTRO, M.D. ("CASTRO") (collectively referred to herein as "the MMC Defendants" and/or "Defendants").

## **PARTIES**

1. Restoration Holdings, LLC is a limited liability company organized and existing under the laws of Illinois, with its principal place of business located at 26 W. Mundhank, South Barrington, IL 60010, USA.

2. Upon information and belief, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY is a limited liability corporation organized and existing under the laws of Illinois, with its principal place of business located at 680 N Lake Shore Drive suite 1430, Chicago, IL 60611.

1

3. Upon information and belief, the members of Defendant MMC are all residents of and domiciled in the State of Illinois.

4. Upon information and belief, Defendant, Dr. Steven Motarjeme, is an individual and a citizen of the State of Illinois.

5. Upon information and belief, Defendant Motarjeme resides in this judicial district.

6. Upon information and belief, Defendant Motarjeme is the founder and a member manager of Defendant MMC.

7. Upon information and belief, Defendant, Dr. Eric Castro, is an individual and a citizen of the State of Illinois.

8. Upon information and belief, Defendant Castro resides in this judicial district.

9. Upon information and belief, Defendant Castro is one of the member managers of Defendant MMC.

10. At all relevant times herein, Defendant Motarjeme was the actual and/or apparent agent of Defendant MMC.

11. At all relevant times herein, Defendant Castro was the actual and/or apparent agent of Defendant MMC.

## JURISDICTION AND VENUE

12. This is a civil action for federal trademark infringement under 15 U.S.C. § 1114, unfair competition arising under 15 U.S.C. § 1125(a), common law trademark infringement in violation of Illinois law, and seeking injunctive relief, and damages. It also seeks attorneys' fees.

13. This Court has subject matter jurisdiction over this pursuant to 28 U.S.C. §§ 1331 and 1338 because it presents a federal question and concerns a registered trademark. The Court

has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

14. This Court has personal jurisdiction over Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY because it maintains a principal place of business, and continuously and systemically conduct, transact, and solicit business in this State and District. This Court has personal jurisdiction over Defendants, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., because they are citizens of this State and District and the primary location of all the wrongful acts was this State and District.

15. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1391(c) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

16. Beginning in 2013, RH opened its doors to help consumers keep or replace their hair. By 2015, RH was branding and selling its hair replacement services under the RESTORE mark. RH now offers hair replacement services at four locations throughout the United States and has numerous trademark registrations that include the term "RESTORE." Copies of the Federal Registrations relevant to this case are attached as Exhibit A.

17. For more than seven years, Plaintiff has been using the mark RESTORE in connection with hair replacement services.

18. RH started as a small company in Chicago, Illinois. Its mission is to be the premier provider of hair replacement services. Since opening its doors in 2013, it has become one of the largest hair replacement services in the country.

19. RH has grown to become one of the single largest providers of hair replacement services with customers from all 50 states.

20. RH has dozens of celebrity endorsements, contributing to the strength of its trademarks, including endorsements from Brian Urlacher, Deion Sanders, Matt Forte, and Mike Bibby.

21. Due in large part to RH's promotional efforts and continued expansion, RH has continued to achieve significant commercial success and become widely recognized in the industry amongst consumers.

22. As a result of RH's reputation, use, substantial sales success, and significant investment in advertising, the RESTORE mark has become a strong trademark exclusively identifying Plaintiff's services. As such, the RESTORE mark represents enormous goodwill and is an extremely valuable asset to Plaintiff.

23. On May 1, 2018, the RESTORE logo registered with the U.S. Patent and Trademark Office ("USPTO") under Reg. No. 5458874 (the '874 Registration) in Class 44 for "Hair replacement." A copy of the Certificate of Registration for this mark is attached as Exhibit A-1.

24. On September 19, 2023, the mark "RESTORE" registered with the U.S. Patent and Trademark Office ("USPTO") under Reg. No. 7,166,652 in Class 44 for "Hair replacement." A copy of the Certificate of Registration for this mark is attached as Exhibit A-2.

25. Since at least October 31, 2015, until present, RH has used the mark "RESTORE" in commerce in connection with the services listed in its logo's registration certificate and in the word mark's application.

26. The federal registration of RESTORE constitutes *prima facie* evidence of Plaintiff's validity and conclusive evidence of RH's exclusive rights to use the RESTORE mark in connection with the services identified therein and other related services.

27. The registration of the RESTORE mark also provides constructive notice to the Defendants of RH's ownership and exclusive rights in the RESTORE mark.

28. Due to RH's continuous use of RESTORE, in commerce, for over seven years, the mark has achieved public recognition and developed acquired distinctiveness in connection with hair replacement services.

29. As part of its ongoing business, RH owns and maintains a website (https://restorehair.com) (hereinafter "the RH Website"), which discusses its services and highlights its achievements, celebrity clients, and celebrity endorsers. *See* RH Website printout attached hereto as Exhibit B.

30. All of the content of the RH Website was created by RH and was for RH's sole use.

31. At all times relevant herein, RH owned and reserved all rights to any and all copyrights related to the RH Website.

32. Despite RH's federal registrations and copyrighted website material, the MMC Defendants brazenly attempted to identify themselves with RH's services, clients, endorsers, and website, by copying nearly every aspect of the RH Website and changing, at times, RESTORE to MMC and/or Medical Man Cave. *See* MMC Website printout attached hereto as Exhibit C.

33. The MMC Defendants similarly provide hair replacement services, but do not have the same celebrity clients and/or celebrity endorsers as RH.

34. At some point before October 13, 2023, the MMC Defendants published a website (https://medmancave.com/chicago/hair-restoration-2/) (hereinafter "the MMC Website") on the internet.

35. At some point before October 13, 2023, the MMC Defendants, through the MMC Website, misappropriated Plaintiff's registered trademark "RESTORE" by using it on the first and

5

fifth pages of the MMC Website. *See* Exhibit C at 1 and 5.

36. The MMC Website copied every aspect of RH's Website verbatim with the exception of adding the Medical Man Cave logo at the top left corner. *See* Exhibit B and Exhibit C for reference.

37. Similarly to RH's Website, Page 2 of the MMC Website also asks, "Which picture most closely resembles your hair loss?" followed by pictures seemingly taken from the RH Website. *See* Exhibit B and Exhibit C at 2.

38. Page 3 of the MMC Website reads, "[t]he lasting results are the most significant indicator of a successful procedure. From celebrities and athletes to businessmen and every man, **MMC's** hair transplant before and after stories are a testament to our expertise and results," which is identical to the RH Website's content except that "RESTORE's hair transplant" was deliberately changed to "MMC's hair transplant." *See* Exhibit B and Exhibit C at 3.

39. Page 3 of the MMC Website also falsely lists Brian Urlacher, Deion Sanders, Kevin Streelman, and Zach Johnson as "MMC Client[s]." *See* Exhibit B and Exhibit C at 3.

40. In a further attempt to misappropriate RH's intellectual property and cause confusion in the marketplace, the MMC Defendants on Page 3 of the MMC Website changed the "RESTORE FUE Method" to the "MMC FUE Method." *See* Exhibit B and Exhibit C at 3.

41. The MMC Defendants on Page 5 of the MMC Website in bold, large print state, "MMC Physicians" juxtaposed next to a paragraph directly lifted from RH's Website, using RH's registered trademark "RESTORE" and identifying Dr. James Harris, RESTORE's medical director, as though he was an MMC Physician. *See* Exhibit B and Exhibit C at 5.

42. On Pages 6 and 7 of the MMC Website, the MMC Defendants added biographic paragraphs on Defendant Steven Motarjeme, and Defendant Eric Castro, instead of RH's personnel

6

biographies. *See* Exhibit C at 6-7.

43. The MMC Defendants published the MMC Website in order to cause confusion in the marketplace and misdirect customers from RH to MMC.

44. The MMC Defendants published the MMC Website in order to gain search engine optimization ("SEO") for key words to confuse potential customers searching for RESTORE, RESTORE HAIR, and/or any of RH's celebrity clients/endorsers, including, but not limited to, Brian Urlacher, Deion Sanders, Kevin Streelman, and Zach Johnson.

45. The MMC Defendants also published the MMC Website in order to benefit from RH's trademarks, copyrighted material, and RH's general goodwill in the hair restoration community.

46. On October 13, 2023, upon learning of the registration and use of RH's intellectual property, RH immediately undertook drafting a cease-and-desist letter. The letter was sent on October 19, 2023, and requested a response within five business days (by October 26th). A copy of the initial cease-and-desist letter sent on October 19th ("Initial Letter") is attached as Exhibit D.

47. Defendants' use of the RESTORE marks creates a false association between RH and the MMC Defendants in the minds of consumers. As a result, to protect the goodwill that it has established in the RESTORE marks, Plaintiff brings this action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under the common law of Illinois; and unjust enrichment under the common law of Illinois. As described below, RH seeks injunctive relief, an accounting of Defendants' profits flowing from its use of the infringing mark, damages, attorneys' fees, and any other such relief as the Court may deem just and proper.

48. Defendants are not associated or affiliated with RH. Plaintiff has never authorized, approved, or otherwise licensed use of its RESTORE marks in connection with the sale or offering for sale any services by Defendants.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1))

49. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 49 of this Complaint as if set forth in full.

50. Defendants' advertising, promotion, offering for sale and sale of hair replacement services using an identical and/or confusingly similar version of Plaintiff's RESTORE mark on identical and/or overlapping services is likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' goods or services.

51. Such use falsely represents Defendants as being legitimately connected with and/or authorized by RH. It also places beyond RH's control, its own reputation and ability to control the RESTORE marks or quality of services offered under the mark.

52. The MMC Defendants' use of Plaintiff's Marks are confusingly similar to RH's federally registered mark, protected under the '874 Registration, in violation of 15 U.S.C. § 1114.

53. It is clear from the content of the MMC Website that the MMC Defendants published a nearly identical website to the one used by RH, but then made willful, deliberate changes to add references to MMC and/or Medical Man Cave to the content.

54. Defendants' activities thereby demonstrate an intentional, willful, and malicious intention to reap the benefit of the goodwill of RH.

8

55. Defendants have caused and are likely to continue causing substantial injury to RH. RH is entitled to injunctive relief and to recover profits, actual damages, enhanced profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for violations of 15 U.S.C. § 1114(1), and enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

56. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 56 of this Complaint as if set forth in full.

57. Plaintiff has continued to use the RESTORE mark in interstate commerce to advertise, promote, and distinctly identify its services, including, but not limited to, hair replacement services.

58. RH owns federal trademark registration number 5458874 for the RESTORE logo.

59. RH owns federal trademark registration number 7,166,652 for RESTORE in Class 44 for "Hair replacement."

60. RH uses RESTORE in all capital letters in conjunction with Hair as a common law trademark to signify its business and services.

61. Defendants have now used the marks "RESTORE" and "Restore Hair" in interstate commerce to advertise and promote hair replacement services.

62. Defendants' use of "RESTORE" and "Restore Hair" in association with goods and services that are identical, related and/or substantially similar to those offered by RH under the RESTORE mark constitutes a false designation of origin and false representation as to the origin or source of Defendants' services.

63. Defendants demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's mark which continues to cause great and irreparable harm to RH.

64. Defendants' use of the RESTORE mark is intended to reap the benefit of the goodwill of RH and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Defendants have caused and are likely to continue causing substantial injury to RH. Plaintiff is thereby entitled to injunctive relief and to recover profits, actual damages, enhanced profits, damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1125(a), 1116, and 1117.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for violations of 15 U.S.C. § 1125(a), and enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper.

### COUNT III
### COMMON TRADEMARK INFRINGEMENT UNDER
### ILLINOIS' TRADEMARK STATUTE, 765 ILCS 1036

66. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 66 of this Complaint as if set forth in full.

67. The acts of Defendants constitute trademark infringement under the law of the State of Illinois, 765 ILCS 1036.

68. RH's RESTORE mark is a valid common law trademark.

69. RH's Restore Hair mark is a valid common law trademark.

70. Upon information and belief, Defendants deliberately appropriated the RESTORE and RESTORE Hair marks with the intent to trade off the goodwill and reputation established by RH.

71. Defendants' services associated with the RESTORE mark are rendered or received in Illinois.

72. Defendants' actions, as described above, are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of Defendants' services, the products it sells, or its commercial activities.

73. By engaging in the conduct described above, Defendants have directly and knowingly benefitted, including without limitation, to unjust benefits from its unlawful use, misappropriation, and infringement of RH's trademark and goodwill.

74. RH is entitled to just compensation under the common law of the State of Illinois.

75. By way of Defendants' conduct, Defendants have caused and are likely to continue causing substantial injury to RH. RH is entitled to injunctive relief and other remedies as the court deems appropriate.

76. RH has no other adequate remedy at law.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for violations of 765 ILCS 1036, and

enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper.

## COUNT IV
## COMMON LAW UNJUST ENRICHMENT

77. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 77 of this Complaint as if set forth in full.

78. By engaging in the conduct described above, Defendants have directly and knowingly benefitted, including without limitation, to unjust benefits from their unlawful use, misappropriation, and infringement of RH's trademark and goodwill.

79. In addition, Defendants have financially benefited from its wrongful use of the RESTORE mark without providing RH with any compensation for that benefit.

80. RH is entitled to just compensation under the common law of the State of Illinois.

81. Defendants have caused and are likely to continue causing substantial injury to RH. RH is entitled to injunctive relief and other remedies as the court deems appropriate.

82. RH has no other adequate remedy at law.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for unjust enrichment, and enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper

**COUNT V**
**COPYRIGHT INFRINGEMENT**
**(17 USCS § 501)**

83. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 83 of this Complaint as if set forth in full.

84. Defendants' advertising, promotion, offering for sale and sale of hair replacement services using an identical and/or confusingly similar website and website content is likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' goods or services.

85. Such use falsely represents Defendants as being legitimately connected with and/or authorized by RH.

86. It is clear from the content of the MMC Website that the MMC Defendants published a nearly identical website to the one used by RH, but then made willful, deliberate changes to add references to MMC and/or Medical Man Cave to the content.

87. Defendants' activities thereby demonstrate an intentional, willful, and malicious intention to reap the benefit of the goodwill of RH.

88. Defendants have caused and are likely to continue causing substantial injury to RH. RH is entitled to injunctive relief and to recover profits, actual damages, enhanced profits, damages, and costs, under 17 USCS § 504.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for violations of 17 USCS § 501, and enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper.

## COUNT VI
## DECEPTIVE TRADE PRACTICES
## (815 ILCS 510/1 *et seq.*)

89. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-48 as and for Paragraph 89 of this Complaint as if set forth in full.

90. Defendants' advertising, promotion, offering for sale and sale of hair replacement services using an identical and/or confusingly similar website and website content is likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' goods or services.

91. Such use falsely represents Defendants as being legitimately connected with and/or authorized by RH.

92. It is clear from the content of the MMC Website that the MMC Defendants published a nearly identical website to the one used by RH, but then made willful, deliberate changes to add references to MMC and/or Medical Man Cave to the content.

93. Plaintiff has continued to use the RESTORE mark in interstate commerce to advertise, promote, and distinctly identify its services, including, but not limited to, hair replacement services.

94. RH owns federal trademark registration number 5458874 for the RESTORE logo.

95. Defendants' activities thereby demonstrate an intentional, willful, and malicious intention to reap the benefit of the goodwill of RH.

96. RH owns federal trademark registration number 7,166,652 for RESTORE in Class 44 for "Hair replacement."

97. Defendants have now used the marks "RESTORE Hair" and "RESTORE" in interstate commerce to advertise and promote hair replacement services.

98. Defendants' use of "RESTORE" and "RESTORE Hair" in association with goods and services that are identical, related and/or substantially similar to those offered by RH under

the RESTORE mark constitutes a false designation of origin and false representation as to the origin or source of Defendants' services.

99. Defendants have caused and are likely to continue causing substantial injury to RH. RH is entitled to injunctive relief and to recover profits, actual damages, enhanced profits, damages, and costs under 815 ILCS 510/1 et seq.

WHEREFORE, Plaintiff, RESTORATION HOLDINGS, LLC, prays that this Court find Defendants, MEDICAL MAN CAVE CHICAGO LIMITED LIABILITY COMPANY, STEVEN MOTARJEME, M.D., and ERIC CASTRO, M.D., liable for violations of 815 ILCS 510/1 et seq., and enter judgment in its favor against Defendants, award damages in an amount in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, plus costs and attorney fees, award Plaintiff the relief requested in its Prayer for Relief below and for whatever further and additional relief for Plaintiff this Court deems just and proper.

Respectfully submitted,

RESTORATION HOLDINGS, LLC,

/s/ James A. Karamanis
James A. Karamanis
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, IL 60601
Tel.: 312/553-5300
Attorney No. 6203479
James@bkchicagolaw.com

*ATTORNEY FOR PLAINTIFFS*